UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY [signature] D.C.
05 JUN -8 AM 11: 57
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

**STEVEN N. EDWARDS,**

Plaintiff,

v.

No. 04-2975-DP

**DAIMLERCHRYSLER CORPORATION,**

Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter is before the Court upon the motion of DaimlerChrysler Corporation ("Defendant") to transfer venue. For the following reasons, this Court **DENIES** Defendant's motion to transfer this case to the United States District Court for the Eastern District of Michigan.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Delaware corporation, has its headquarters in Auburn Hills, Michigan, and at the time of the alleged actions giving rise to the claim, conducted business in Tennessee. Steven N. Edwards ("Plaintiff") is an adult citizen of Collierville, Shelby County, Tennessee. Plaintiff became employed by DaimlerChrysler Corporation (or its predecessor) on April 1, 1974. In 2002, Plaintiff was the Regional Administrative Manager for Defendant's Memphis Zone Office which included approximately eighty (80) employees. In late 2001 or early 2002, Defendant decided to close its Memphis Zone Office and either lay off or transfer the Memphis employees. Plaintiff was laid off on July 12, 2002. At or near that time, Plaintiff alleges that he was given documents by Defendant, entitled "Summary of Total Compensation Professional-Administrative and Management

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-8-05

Employees Indefinite Layoff" and "Income Protection Plan Summary Plan Description" (collectively, "the Plans"). The Plans set forth four options for payment of lay-off benefits by DaimlerChrysler. Plaintiff states that he elected the Lump Sum Payment option under the Plans. Defendant paid no lay-off benefit payments of any kind under any of the four options to Plaintiff after he was laid off on July 12, 2002.

On November 30, 2004, Plaintiff filed a Complaint in the United States District Court in the Western District of Tennessee, Western Division, alleging that Defendant violated federal and state laws, namely the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. and Tennessee common law breach of contract. Plaintiff also seeks a declaratory judgment against Defendant.

On January 18, 2005, Defendant filed motions to transfer venue pursuant to 28 U.S.C. § 1404(a) and for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The Court will now address Defendant's motion to transfer the instant case to the Eastern District of Michigan.

## II. LEGAL STANDARD

The decision to transfer a case on venue grounds is largely a discretionary determination. Unlike jurisdiction, which is a question of the court's power to hear a case, venue is a question of the litigants' convenience, and refers only to the forum in which a lawsuit should be heard. See Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939); Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 454 (6th Cir. 1988).

Venue is controlled by statute. See Fed. R. Civ. P. 82; 15 Wright, Miller, & Cooper, Federal Practice & Procedure, Jurisdiction 2d § 3802 (West 1986). In federal court, the general venue statutes are codified at 28 U.S.C. §§ 1391-92. Title 28, section 1391(b) of the United States Code

provides that:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Title 28, section 1404 of the United States Code grants the district court the power to change venue if transfer would be in the best interests of the parties, witnesses, and justice. The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

As a general rule, however, the plaintiff's choice of venue should be honored. Rutherford v. Goodyear Tire & Rubber Co., 943 F.Supp. 789, 791 (W.D. Ky. 1996), affirmed,142 F.3d 436 (6th Cir. 1998) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 505 (1947)). The party seeking transfer of venue bears the burden of demonstrating that transfer is appropriate. Blane v. American Investors Corp., 934 F.Supp. 903, 907 (M.D. Tenn. 1996). The plaintiff's choice of venue is not the sole determinative factor. Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc., 138 F.R.D. 89 (N.D. Ohio 1991), affirmed, 22 F.3d 104 (6th Cir. 1994). In ruling on a motion to transfer venue, a court should consider the private interests and convenience of the parties, the convenience for potential witnesses, and public interest concerns, such as systemic integrity, fairness, and judicial economy. Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991); see also Reed v. Fina Oil & Chemical Co., 995 F.Supp. 705, 713 (E.D. Texas 1998); 15 Wright, Miller, & Cooper,

Federal Practice & Procedure, Jurisdiction 2d § 3849 (West 1986). Ultimately, the standard for granting transfer pursuant to 28 U.S.C. § 1404 is left to the discretion of the courts. Stewart Organization, Inc., 487 U.S. at 29. The court may base its decision on almost any grounds, provided that they are reasonable, First Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998), as a district court has broad discretion in determining whether or not to grant a motion to transfer venue under 28 U.S.C. § 1404(a). Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988).

## III. ANALYSIS

In considering Defendant's motion to transfer venue, the Court must engage in a two-part inquiry. First, it must determine whether the action "might have been brought" in the United States District Court for the Eastern District of Michigan. Second, the Court must determine whether change of venue would facilitate the "convenience of the parties and witnesses" and serve "the interests of justice."

Defendant is a Delaware corporation, headquartered in Michigan, that has conducted business in Tennessee. The first part of the inquiry requires little attention because Defendant does not argue that the current venue is impermissible under 28 U.S.C. § 1391; nor has Plaintiff argued that § 1391 prohibits the instant case from being heard in the Eastern District of Michigan. Both parties appear to recognize that under § 1391, this claim could be heard in either venue.

The second part of the test requires more consideration. As a general rule, "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 505 (1947). Since Plaintiff has chosen the

present forum, which is admittedly convenient for him, Defendants must present strong evidence that a change of venue is appropriate.

To support its § 1404 motion, Defendant urges the court to transfer this case for the convenience of the parties and in the interest of justice. Defendant states that both it and some of its Income Protection Plan ("IPP") administrators may be called as witnesses. Defendant is headquartered in Michigan and its IPP administrators live in or around Auburn Hills, Michigan. Defendant notes that two of these potential witnesses were identified by Plaintiff in his Complaint, namely, JoAnn Hatfield and Steve Farley. Citing one of the multifarious factors acknowledged by the Gulf Oil Court, Defendant focuses this Court's attention on the compulsory process factor for the proposition that its employees may not be availed to serve as witnesses. Gulf Oil, 330 U.S. at 508 (1947); see also Burnstein v. Applied Extrusion Technologies, Inc., 829 F.Supp. 106, 113 (D. Del. 1992) (cited for the proposition that the attendance of a defendant's employees can not be compelled by the defendant without assistance of the court). Plaintiff, however, argues that Defendant disingenuously relies on Gulf Oil to support its motion. The Court agrees with the Plaintiff and finds the Gulf Oil reasoning more persuasive to Plaintiff's position. The Gulf Oil Court stated that "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Golf Oil, 330 U.S. at 508 (emphasis added). Anticipating the effectiveness, or lack thereof, of the Courts compulsory process against potential witnesses, standing alone, does not strongly favor Defendant's choice of venue. In addition to anticipating the ineffectiveness of compulsory process of its employees, however, Defendant argues that its IPP would incur substantial disruption and increased costs if forced to litigate in Tennessee. Defendant also points to the

inconvenience posed by its books and records being located in Michigan. These are all factors which must be weighed in the overall venue equation. The Court, however, finds neither of these arguments so persuasive as to tip the balance in favor of Defendant.

Defendant further urges the Court to transfer this case in the interest of justice, and relies on Fox v. Massey-Ferguson, Inc., 1994 U.S. Dist. LEXIS 8285 (1994), to support this argument. The Court finds that Defendant's reliance on Fox is misplaced. Fox was a class action suit where the plaintiff-employee choice of forum was held to be entitled to less weight than it would in a non-class action case. Fox, 1994 U.S. Dist. LEXIS 8285, at *12. The Fox Court found dispositive the potential cost on an ERISA defendant forced to litigate suits based on where its retirees were living. Certainly, this would be dispositive in a class action lawsuit. This is not a class action lawsuit, however. The facts in this case can further be distinguished from Fox. Unlike in Fox, wherein the selected forum was simply a state where former employees had retired, Plaintiff in this case was employed by Defendant in the state of Tennessee, and the claim arose from alleged actions that occurred in Tennessee.

**IV. CONCLUSION**

For the reasons stated above, this Courts finds that Defendant has not demonstrated cause for relief. Accordingly, the Court **DENIES** Defendant's motion to transfer venue.

**IT IS SO ORDERED** this 7th day of June, 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02975 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Mark S. Allard
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Jonathan E. Scharff
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Michael F. Rafferty
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Honorable Bernice Donald
US DISTRICT COURT