UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN N. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2975-DP |
| | ) | |
| DAIMLERCHRYSLER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT, DAIMLERCHRYSLER CORPORATION'S MOTION FOR PARTIAL DISMISSAL

Before the Court is DaimlerChrysler Corporation's ("Defendant") Motion for Partial Dismissal Pursuant to Fed. R.Civ.P. 12(b)(6) (Dkt #7). For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss.

## I. FACTUAL BACKGROUND

The following facts are presumed to be true for purposes of the instant motion only. Steven N. Edwards ("Plaintiff") became employed by Defendant's predecessor (Chrysler Corporation) on April 1, 1974. In 2002, Plaintiff was the Regional Administrative Manager for Defendant's Memphis Zone Office. In late 2001 or early 2002, Defendant decided to close its Memphis Zone Office, and either lay off or transfer the Memphis employees. Plaintiff was laid off on July 12, 2002. At or near that time, Plaintiff was given documents by Defendant entitled "Summary of Total Compensation Professional-Administrative and Management Employees Indefinite Layoff" ("Summary Layoff") and "Income Protection Plan Summary Plan Description" ("IPP"), (collectively "the Plans"). Generally, the Plans set forth four options for payment of lay-off benefits: (1) weekly

regular layoff benefits; (2) lump sum separation payments; (3) extended layoff benefits; or (4) redemption benefits. There is no dispute of fact that the Plans are governed by the Employee Retirement Income Security Act ("ERISA"). (Def.'s Brief in Support of Mot. for Partial Dis. at 5; Pl.'s Opp. of Mot. for Partial Dis. at 3).

On February 11, 2004, Plaintiff requested an application for retirement under Defendant's corporate pension plan. On February 16, 2004, Plaintiff submitted the application. The retirement pension plan became effective on March 1, 2004. On March 11, 2004, Plaintiff submitted an application to receive layoff benefits under the Plans. Plaintiff elected the lump sum payment option. In a letter dated June 10, 2004, JoAnn Hartfield ("Hartfield"), the Defendant's IPP administrator, notified Plaintiff that he was not eligible for layoff benefits and had 30 days to appeal. In a letter dated July 30, 2004, Plaintiff's attorney acknowledged receipt of Hartfield's letter and, among other things, requested additional time to respond. In a letter dated August 5, 2004, Plaintiff, through counsel, opposed the denial of benefits under the Plans.

On November 30, 2004, Plaintiff filed a Complaint in the United States District Court in the Western District of Tennessee, Western Division, alleging that Defendant violated federal and state laws, namely, ERISA and Tennessee common law breach of contract. Plaintiff also seeks a declaratory judgment against Defendant. On January 18, 2005, Defendant filed the instant motion for partial dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6) to test whether the plaintiff has pled a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The U.S. Supreme Court has held that "a complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke v. Williams, 490 U.S. 319, 326-27 (1989); Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). In reviewing the complaint, a court must accept as true all factual allegations, Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), and where there are conflicting interpretations of the facts, they must be construed in a light most favorable to the plaintiff. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37. Legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis,135 F.3d at 405-06.

When reviewing a 12(b)(6) motion to dismiss involving an ERISA claim, a court must also factor in ERISA's preemption over state claims brought pursuant to an employee benefit plan. See 29 U.S.C. § 1144(a) ("[S]ubchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."). As the Supreme Court has observed, ERISA is a "comprehensive and reticulated statute," Nachman Corp. v. Pension Benefits Guaranty Corp., 446 U.S. 359, 361 (1980), with "deliberately expansive" preemption provisions. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987); see also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137 (1990); Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 553 (6th Cir. 1987).

### III. ANALYSIS

Plaintiff's Complaint contains three counts. In Count I Plaintiff seeks declaratory judgment under the Defendant's Plans. Count II alleges that Plaintiff was damaged by Defendant's breach of

3

contract pursuant to its actions under the Plans. Finally, Count III alleges that the Defendant's actions violated ERISA. Defendant seeks dismissal under Fed.R.Civ.P. 12(b)(6) of Counts I and II. First, Defendant argues that 29 U.S.C. § 1144(a) preempts Plaintiff's common law breach of contract claim. Second, Defendant argues that 29 U.S.C. § 1132(a) preempts the declaratory judgement action because ERISA's civil enforcement remedies are exclusive.[1] Third, Defendant moves to dismiss oral statements made by its human resource personnel to Plaintiff.[2] Finally, Defendant moves to strike Plaintiff's jury demand arguing that claims for benefits under ERISA are not entitled to a jury determination.

## A. Breach of Contract

The DaimlerChrysler Plan is an ERISA employee benefit plan. Plaintiff asserts that there is nothing inconsistent with alleging a claim for breach of contract in conjunction with or as part of an ERISA claim. Case law, however, firmly supports a contrary conclusion. In Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991), the Court set forth the Sixth Circuit's well-settled rule regarding ERISA's broad preemption provisions and recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. See Cromwell, 944 F.2d at 1276 (citing Ruble v. UNUM Life Ins. Co., 913 F.2d 295 (6th Cir. 1990); Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689 (6th Cir. 1989), cert. denied, 495 U.S. 905 (1990);

---

[1] This Court does not read the relief sought by Plaintiff under Count I to be an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, as argued in Defendant's Brief in Support of Motion for Partial Dismissal Pursuant to F.R.C.P. 12(b)(6). The Court construes Count I as one for declaratory relief in addition to damages sought under its breach of contract claim. Accordingly, this Court does not reach the issue of whether a claim for relief under the federal declaratory judgment act is preempted by ERISA's civil enforcement provisions. Under the civil enforcement provisions of 29 U.S.C. § 1144(a), ERISA relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, an injunction against a plan administrator's improper refusal to pay benefits, or removal of the fiduciary under the breach of fiduciary duty action.

[2] Though Defendant argues in its motion for dismissal that these oral statements should not be considered, it appears that this request would more appropriately be termed a motion to strike.

4

McMahan v. New England Mut. Life Ins. Co., 888 F.2d 426 (6th Cir. 1989); Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550 (6th Cir. 1987)). The term "relate to" has been given its broad common-sense meaning, "such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Id. at 1275-76 (citing Metropolitan Life Ins. Co. v. Taylor, 471 U.S. 724, 739 (1985); Shaw v. Delta Air Lines, 463 U.S. 85, 97 (1983)). The narrow exception to ERISA's preemptive power is its saving clause for state laws regulating insurance. See 29 U.S.C. § 1132(a). State law claims, such as Plaintiff's breach of contract claim, sufficiently relate to the subject matter regulated by ERISA to come within its preemptive scope. See, e.g., Lion's Volunteer Blind Indus. v. Automated Group Admin., Inc., 195 F.3d 803, 808 (6th Cir. 1999) (misrepresentation claim was sufficiently "related to" the subject matter regulated by ERISA to be preempted); Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir. 1988), cert. denied, 488 U.S. 826 (1988) (state law breach of contract and promissory estoppel claims are preempted by ERISA). This Court finds that Plaintiff's contract claim, including its prayer for declaratory relief, is preempted by ERISA. Accordingly, the Court **GRANTS** Defendant's motion to dismiss on this claim.

### B. Oral Statements in Support of an ERISA claim

Defendant argues that to the extent that Plaintiff's claim for relief under ERISA relies on oral statements for support, it fails to state a claim upon which relief can be granted. Defendant argues that the federal common law established pursuant to ERISA does not support reliance on oral statements. Defendant cites no case law to support this proposition.

Courts have noted that equitable estoppel may be a viable theory in ERISA cases involving welfare plans. Shepherd v. Dana Corp., 2000 U.S. App. LEXIS 2269 *5 (6th Cir. 2000) (citing

Sprague v. General Motors, Corp., 133 F.3d 388, 404 (6th Cir. 1998) (en banc), cert. denied, 524 U.S. 923 (1998)). It is clear, however, that the principle of equitable estoppel may *only* be invoked to clarify ambiguous plan provisions. Sprague, 133 F.3d at 404 (citing Fink v. Union Central Life Ins. Co., 94 F.3d 489, 492 (8th Cir. 1996); Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 458 n. 12 (11th Cir. 1996), cert denied, 519 U.S. 1149 (1997)) (emphasis added).

Thus, it is Plaintiff's burden to show that the Plan's language is ambiguous when he attempts to introduce evidence of oral statements made by Defendant's human resource personnel. Defendant has not submitted the administrative record supporting its decision to deny Plaintiff benefits under the Plan and does not argue that the Plan's terms are unambiguous. Thus, in reviewing the complaint in a light most favorable to Plaintiff, the Court finds that it sufficiently states a claim for benefits pursuant to the Plan and **DENIES** Defendant's motion to dismiss all oral statements made by its human resource personnel.

### C. Request for Jury Trial

Finally, Defendant argues that Plaintiff's request for a jury trial should be denied based on the Sixth Circuit's prior determination that jury trials are not available to a plaintiff in ERISA proceedings. Defendant's argument is premised upon its review of case law construing ERISA's goals of efficient resolution of claims to mean that federal district courts should act as an appellate review authority. See Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 616 (6th Cir. 1998) (citing Bair v. General Motors Corp., 895 F.2d 1094, 1096 (6th Cir. 1990) (holding that an ERISA claim is equitable in nature and therefore is not eligible for Seventh Amendment right to jury trial)); see also Crews v. Central States, Southeast and Southwest Areas Pension Fund, 788 F.2d 332, 338 (6th Cir. 1986). Defendant's argument is well-taken. Plaintiff's request for a jury trial is now based

solely on the surviving appeal from an ERISA claim denial. Accordingly, the Court holds that Plaintiff is not entitled to a jury trial. Defendant's motion to strike Plaintiff's jury demand is **GRANTED**.

### IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's breach of contract claim; **DENIES** Defendant's motion to dismiss oral statements in support of Plaintiff's ERISA claim; and **GRANTS** Defendant's motion to strike Plaintiff's jury demand.

**IT IS SO ORDERED** this ___1st___ day of July, 2005.

    BERNICE BOUIE DONALD
    UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:04-CV-02975 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

Mark S. Allard
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Jonathan E. Scharff
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Michael F. Rafferty
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Honorable Bernice Donald
US DISTRICT COURT