IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEVEN N. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-2975-DP |
| ) | |
| DAIMLERCHRYSLER CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR JUDGMENT ON THE RECORD

Defendant, DaimlerChrysler Corporation ("Defendant"), moves for judgment on the administrative record. Plaintiff brought this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., claiming that he is entitled to both an Early Retirement Supplement Pension and a Lump Sum Separation Payment from Defendant. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the following reasons, the Court **GRANTS** Defendant's motion and affirms the Administrative Record.

### I. BACKGROUND FACTS

Plaintiff, Steven N. Edwards ("Plaintiff"), was employed by Defendant, beginning on April 1, 1974, and continuing until July 12, 2002, at which time Plaintiff was laid off. At the time of the lay off, Plaintiff was the Regional Administrative Manager for the Memphis Auto Zone office. The Plans at issue in this case are the DaimlerChrysler Corporation Income Protection Plan ("Income

Protection Plan") and Defendant's pension plans, which are the DaimlerChrysler Corporation Salaried Employees' Retirement Plan and the DaimlerChrysler Pension Plan (collectively "Pension Plans"). The issue in this case involves the inter-relationship between benefits receivable under the Income Protection Plan and the Pension Plans.

As of July 12, 2002, Plaintiff had 28 years and 3 months of "Credited Service" for pension eligibility. In order for Plaintiff to be eligible for an Early Retirement Supplement Pension, Plaintiff needed to elect a layoff package that would allow him to continue to accrue Credited Service for 21 months, because the Early Retirement Supplement Pension requires that the employee be under the age of 62 years, 1 month, and credited with at least 30 years of Credited Service. Plaintiff claims that at the time of the lay off, Defendant provided eligible laid-off employees with four options for receiving layoff benefits: (1) weekly regular layoff benefits; (2) lump sum separation payments; (3) extended layoff benefits; or (4) redemption benefits. When Plaintiff was laid off, Plaintiff chose not to receive weekly layoff benefits, extended layoff benefits or a redemption payment, but instead elected to accept the lump sum separation payment. Plaintiff claims that he signed the Application for Lump Sum Payment on February 11, 2004, but that Defendant never received the application. On February 16, 2004, Plaintiff filed his Application for an Early Retirement Supplement Pension under the Pension Plans. Thereafter, upon receiving information from Defendant that Defendant had not received Plaintiff's Application for Lump Sum Payment dated February 11, 2004, Plaintiff submitted a second Application for Lump Sum Payment on March 10, 2004. Defendant received this application on March 13, 2004. Defendant denied Plaintiff's Application for Lump Sum Payment, but granted Plaintiff his Early Retirement Supplement Pension pursuant to Defendant's Pension Plan, effective March 1, 2004.

2

On April 7, 2004, Plaintiff's counsel wrote to Defendant's Human Resource Department, seeking re-examination of the denial of Plaintiff's Application for Lump Sum Payment. Defendant's Employee Relations Department responded to the letter on June 10, 2004, stating that the Income Protection Plan and the Pension Plans have consistently been interpreted as not allowing an employee to receive both a Lump Sum Separation Payment, pursuant to the Income Protection Plan, and an Early Retirement Supplement Pension, pursuant to the Pension Plans. Plaintiff appealed Defendant's denial of Plaintiff's claim for a Lump Sum Separation Payment under the Income Protection Plan on August 5, 2004. Defendant reaffirmed its denial of Plaintiff's claim for a Lump Sum Separation Payment on October 13, 2004. On November 30, 2004, Plaintiff filed a complaint in this Court. The Court dismissed counts I and II on July 5, 2005, leaving only count III, the issue currently before the Court.

## II.    STANDARD OF REVIEW

29 U.S.C. § 1132(a)(1)(B) enables a person to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA does not specify which standard of review a court should apply in actions challenging the benefit eligibility determinations under 29 U.S.C. § 1132(a)(1)(B). "To fill this gap, federal courts have adopted the arbitrary and capricious standard developed under 61 Stat. 157, 29 U.S.C. § 186(c), a provision of the Labor Management Relations Act, 1947 (LMRA)." Firestone Tire and Rubber, Co., v. Bruch, 489 U.S. 101, 109 (1989). In Firestone Tire, the United States Supreme Court, relying on principles of trust law, stated that "[t]he *wholesale* importation of the arbitrary and capricious standard into ERISA is unwarranted." Id. at 109. The Court then reasoned that the principles that justify the

3

"arbitrary and capricious" standard under the Labor Management Relations Act do not apply to ERISA. Id. at 109. The Court, therefore, concluded that "[c]onsistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 111.

When a plan gives the administrator or fiduciary such discretionary authority, the court is to review a decision to deny benefits under the "highly deferential arbitrary and capricious standard of review." Killian v. Healthsource Provident Adm'rs, Inc., 152 F.3d 514, 520 (6th Cir. 1998) (quoting Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 380 (6th Cir. 1996)). If the decision to deny benefits is rational in light of the plan's provisions, the court must uphold the administrator's decision. See Borda v. Hardy, Lewis, Pollard & Page, 138 F.3d 1062, 1066 (6th Cir. 1998); Miller v. Metro Life Ins. Co., 925 F.2d 979, 983 (6th Cir. 1991). An administrator's decision is not arbitrary or capricious "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." Davis v. Ky. Fin. Cos. Ret. Plan, 887 F.2d 689, 693 (6th Cir. 1989) (quoting Pokratz v. Jones Dairy Farm, 771 F.2d 206, 209 (7th Cir. 1985)). The court reviewing the denial of an ERISA benefit under the arbitrary and capricious standard may "consider only the facts known to the plan administrator at the time he has made his decision." Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996).

After reviewing the Income Protection Plan, the Court finds that Defendant exercised discretionary authority to determine eligibility for benefits and to interpret all provisions of the Plan. According to Article VIII, Section K of the Income Protection Plan, "[t]he Employee Relations Department shall have the power to construe the Plan and to determine all questions of

interpretation." Administrative Record, DCEdwards0068. The Court must, therefore, review Defendant's decision to deny Plaintiff's Application for Lump Sum Payment under the highly deferential arbitrary and capricious standard.

### III.   ANALYSIS

The administrator of the Income Protection Plan, Jo Ann Hatfield ("Administrator"), denied Plaintiff's Application for Lump Sum Payment, relying on Article V, Section A, Subsection 4 of the Income Protection Plan. Id. at 19. This provision states that "[a]n Employee, at work on or after January 1, 1987, shall be eligible for a separation payment, if . . . he is not retired and receiving a pension or a retirement benefit under any Corporation plan or program then in effect, and is not eligible to receive a Permanent Total Disability Retirement Benefit Plan that provides such coverage for eligible Employees[.]" Id. at 0050–51. Because Plaintiff had applied for his Early Retirement Supplement Pension under the Pension Plans, he had ceased receiving Credited Service for purposes of the Income Protection Plan. Accordingly, Plaintiff was not eligible for a Lump Sum Payment because the Income Protection Plan and the Summary Plan Description both state that an employee is not eligible for a Separation Payment if his or her corporate service has been broken. Id. at 0105–06.

In her correspondence, the Administrator conceded that had Plaintiff not chosen to retire at that time, "he would have been eligible for a Separation Payment." Id. at 0020. The Administrator, however, also informed Plaintiff that "this plan provision has been interpreted consistently during the past several years. Individuals who accepted a Separation Payment under the IPP are not eligible for an Early Retirement Supplement as part of their pension benefit." Id. at 0009. The Administrator's decision was based on Article V, Section D of the Income Protection Plan, which

5

states that "[a]n Employee who accepts a Separation Payment shall cease to be an Employee and shall have his Continuous Service canceled at any and all of the Facilities as of the date his application for the Separation Payment application was received by the Corporation." Id. at 0055. Defendant did not receive Plaintiff's Application for Lump Sum Separation Benefits under the Income Protection Plan until March 13, 2004, which was subsequent to Defendant receiving Plaintiff's pension application. Assuming for the sake of argument that Defendant should have received Plaintiff's Application for Lump Sum Separation Benefits before it received Plaintiff's pension application, Plaintiff would nevertheless be ineligible to receive both an Early Retirement Supplement Pension and the Lump Sum Separation Benefits. See id. at 0055, 0020.

As stated previously, the Court will review Defendant's decision to deny Plaintiff's Application for Lump Sum Payment under the highly deferential arbitrary and capricious standard because the plan gives the administrator the authority to construe the Plan and to resolve all questions of interpretation. If the Court finds that the administrator's decision is rational, the Court will uphold the decision. Only if the Court finds that the administrator's decision lacks reason will the Court reverse the decision.

Given the Administrative Record, the Administrator's decision to deny Plaintiff's Application for Lump Sum Payment is reasonable. The provisions that the Administrator relied upon support the conclusion that an employee may not receive both a Lump Sum Payment and an Early Retirement Supplement Pension. Because Plaintiff's pension application was received prior to Plaintiff's Application for Lump Sum Payment, the Administrator reasonably interpreted the provisions of the plan, granting Plaintiff's request for an Early Retirement Supplement Pension,

6

while denying Plaintiff's Application for Lump Sum Payment. The Court does not find that the Administrator's decision was made arbitrarily or capriciously.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant, DaimlerChrysler Corporation's, Motion to Affirm the Administrative Record.

**IT IS SO ORDERED** this 15th day of November, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:04-CV-02975 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Jonathan E. Scharff
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Michael F. Rafferty
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Mark S. Allard
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Honorable Bernice Donald
US DISTRICT COURT